My name is Tom Murphy and I represent the appellant officers in this matter. This is a federal Indian law case which raises issues regarding, first of all, the procedure for raising a Rule 12b1 challenge to subject matter jurisdiction on the basis of tribal sovereign immunity, and second, whether on the undisputed facts in this matter the officers are entitled to individual tribal sovereign immunity. The facts of this case are very simple. The plaintiff sued the officers for Bivens' claims arising out of a shooting which took place when the officers, who are employees of the Gila River Indian community with the Gila River Indian Police Department, were involved in a shooting investigating a domestic disturbance involving a member of the Gila River Indian community which took place on the Gila River Indian Reservation. The officers contend upon these facts that they are entitled to the protection of tribal sovereign immunity. The officers first contend that the district court erred in failing to consider a properly supported factual attack on subject matter jurisdiction under Rule 12b1. As the court is well aware, an attack on subject matter jurisdiction can be facial or factual. This case answers the question, which is a very simple one. If a jurisdictional statute provides a court of limited jurisdiction with jurisdiction over cases involving a red car and the plaintiff files a pleading involving a red car, but we know the car is blue, what must the defendant do to establish the facts that justify dismissal of the matter? In this particular case, the officers made a factual showing that they were entitled to tribal sovereign immunity, that they were not federal officers, and in fact that this was not really a federal matter. How do we know the car is blue? I mean, how do we know that they were not federal employees? Well, Your Honor, the only facts that were offered in support of the motion were the officers' affidavits which indicated that they were employed by the Gila River Police Department, that they were not federal officers, and in fact they did not hold federal law enforcement commission cards. In opposing the motion, the plaintiff did not offer any facts. And so the undisputed facts of the record were that the officers were, in fact, tribal police officers. So this is 12b1, and the district court took your evidence and rejected it? Yes. Okay. That's absolutely exactly 100 percent what happened. In fact, the only evidence that was offered in support of the officer's motion to dismiss that the court considered in its order on the motion to dismiss was that it considered one of the officers' affidavits to use to establish that the complaint contained an error on the date of the offense. And really it appeared as if, and in addition, the only other time the court used the facts in support of the motion to dismiss were in addressing its order on the United States motion to dismiss on its 12b1 motion. Frankly, from the record, it appears that the court was simply cherry picking, for lack of a better way to put it, the facts that supported, you know, denial of the motion as opposed, that were allegations of the complaint, as opposed to the facts that were proffered in support of the motion. And the officers contend that that was clearly erroneous under the case law of this circuit. Would the officers be entitled to immunity if they used, let's say, excessive or unauthorized force in dealing with the problem they were? Yes. The officers contend that they would be entitled to the protection of tribal sovereign immunity from a civil action for wrongful death, which is what this case is, if in fact they use excessive force. The reason being that the protections of the Constitution, in particular the Bill of Rights, don't apply in the same way on Indian reservations or to Indian tribes as they do outside. And in fact, that's the reason that those protections were embodied in the Indian Civil Rights Act. But I think as the court is well aware, the Indian Civil Rights Act does not permit a private cause of action for money damages based upon a violation of one of the provisions of that act. The only remedy that's provided for in that act is habeas remedy in the federal court. That's not to say that tribes may not enact their own remedies, but I think that when it comes to the issue of whether there is a civil remedy for some sort of a wrong, that that really is a matter for the sovereign to decide, and that's what the officers contend in this particular matter. Was any discovery taken on this issue of the officer's status as tribal officers? No, Your Honor. The discovery was undertaken, I believe, by the plaintiff in this matter, but none of that discovery related to the officer's status as federal officers. In fact, the only argument that's been made to this point as to the status of the officers as federal officers was not in the court below in responding to the officer's motion, but rather it was in response to the opening brief filed in this court where the plaintiff was attempting to make the argument that the officers were deemed to be federal by virtue of the fact of the community's self-governance compact with the United States and how that may or may not have affected the law enforcement process. If I understand what the district court did, it really said, well, this argument really kind of gets mixed up with the merits, because whether or not they were federal officers is part of the merits of the case as well as part of the jurisdiction, and therefore it's not really – we really normally postpone those things and don't do them after all B-1 motion. I think that's the theory of the district judge. I – in a way, that may be the theory of the district judge, Your Honor. If it is, I disagree for the basic reason that I think that the whole notion of denying a motion to dismiss on the basis of the intertwining of the merits with the jurisdictional basis has to do with situations where the facts are genuinely disputed. In this particular case, they're not disputed. I think the officers have basically proven that, hey, it's a blue car. The court doesn't have jurisdiction. I think if one accepts the analysis of the district court on that issue, essentially what the district court is saying is that I'm going to reject your factual showing on this particular issue and essentially place the officers in a position of having to refile exactly the same motion, perhaps with a different label, to obtain a summary judgment. No, he said even if he had filed it as summary judgment, he would have denied it. So what he's saying is he wants to give the plaintiff a chance to prove that they were – the officers were, in fact, federal employees acting outside the scope of their employment is what he's saying. And, again, I think that that perhaps may be an interpretation of the order. I don't know that that's really – was really specified clearly in the order. And, again, it's one of those issues where the plaintiff never sought discovery on the status of the officers as federal officers. And I believe if one looks at the complaint and at their brief in this court, simply intended that to be a legal argument at any given time. Yes, I doubt we would – I don't even think we would have jurisdiction from a denial of a summary judgment motion had he brought it. We don't have interlocutory jurisdiction over that, do we? And that may be correct, Your Honor. I think that this court certainly does have jurisdiction over the denial of the motion to dismiss on the sovereign immunity grounds. Right. And then on that one, he didn't have to take your facts. He didn't make a factual determination. And our contention is – You have the cart before the horse. But you're saying – your main real contention, I think, is that these officers shouldn't even be subject to suit. Their immunity is to the extent that requiring them to go forward and introduce the evidence violates their sovereign immunity. And that's correct, Your Honor. And we would add to that that our position is that in fact the trial court did have to at least consider the factual attack that was made on subject matter jurisdiction. On the second issue, I would simply say this to the court, which is that the clear import of the district court's holding should be very clear, which is that all a plaintiff has to do to avoid dismissal of a lawsuit against a tribal official or employee is name them in an individual capacity. The officers contend that this is contrary to a long line of cases before this court. I'd like to reserve my time for rebuttal. Well, there are comments here and there that officers can be sued in their individual capacity in some of our cases, I believe. It's true if they're just doing the tribal bidding, then we're likely to say, well, even though you're talking individual capacity, it's really official capacity, and therefore it's a suit against the tribe. But you think there's no allowance at all anywhere in our jurisprudence for a suit against an individual officer when he greatly exceeds the proper bounds of his authority or something like that? No, actually, Your Honor, I agree that there is room for a suit where a plaintiff pleads and produces evidence that an officer was acting beyond the scope of their authority. This is not one such case, and I think that the import of the district court's decision is pretty clear, which is that the district court felt it was enough to name the officer in their individual capacities. The officers contend the case law requires a showing that in order to support an individual capacity claim, it must be shown that the officers, you know, acted beyond the scope of their authority. And again, that must be something that's pled and proven, neither of which is supported in this case, both of which are the burden of the plaintiff. What was pled in this case? Didn't they have an excessive force plea or something? The plaintiff was supposed to do contrary to what the police rules are, and so. Your Honor, I think that this is where there's sort of a dilemma on the part of the plaintiff, which is in order to maintain its federal tort claim action against the United States, basically what the pleading alleges is that the police officers involved were federal officers and federal law enforcement officers, and at all times were acting within the course and scope of their authority as officers of the United States. And I think that that's where the, you know, the pleading was somewhat problematic. I see. Thank you, counsel. Good morning, Your Honors. Gene Gellin soon for the Merguez. The pleading, if I may add, Your Honor, also stated that they were being sued individually in their individual capacities. We had to bring two causes of action, an action against them individually under Bivens and an action against them officially under the FTCA. That action was dismissed by the United States District Court. We have not appealed that action. We feel that that was, in fact, a correct dismissal. On the immunity issue, certainly there have been cases which have found that officers are not immune in these situations. This is a situation in which the officers went to my client's home allegedly on a domestic situation and ended up shooting and killing him. We allege that excessive force was used. And we believe that excessive force was used. It's very rare that in a domestic situation like this one... Are you aware of any cases which have held that the sovereign immunity does not extend to individual tribal officials in cases such as this? He is not a tribal official, Your Honor. This is not a case in which he is a tribal official. This is to be... A tribal officer. A tribal officer. With that amendment, do you know of any cases? In... I would say, Your Honor, in... Let's see. There are a number of cases in which there have been liability held for the individual police officers who have been determined to be responsible. In all of the cases dealing, say, dry versus U.S., the issue comes up, do they have a select card? Are they... Because if they do have a select card, they are responsible under the FTCA. And they are also responsible individually under a Bivens Act, if they have a select card. This is not a situation in which he had a select card, so we can't hold him responsible in that area. But certainly in those situations, yes. In the Romero case, the court said on remand, it should be looked into to determine whether or not there was a 638 contract to determine whether these officers could be individually responsible even in the face of immunity alleged by the tribe. Since you're pleading a Bivens claim, your whole thing depends on... I mean, you must allege a constitutional violation because they're federal officers and so on. Certainly. So there being federal officers is, one, it's essential to your cause of action. It's essential to the court's jurisdiction for a case arising under. Yes. And it's the other side of the coin of sovereign immunity. Yes. Why, if the defendants come in with all kinds of allegations saying, well, it's frivolous to claim that we were federal officers, don't you have to respond in a 12b1 motion? Well, in this situation, the district court distinguished, as I think it should be distinguished between there being federal law enforcement officers and there being federal officers. We agree that they are not federal law enforcement officers. The district court said it, document 60, page 15. Thus the analysis for determining whether a person is a federal officer is different from determining whether a person is a law enforcement officer. A tribal officer could be considered a federal officer because he is a deemed employee of the Department of Interior. By virtue of this 638 contract, he is a deemed employee of the Department of Interior. And that, under the cases and under the statute, make him a federal employee to the extent that he loses that immunity. The tribe does not have to accept these 638 contracts. If they don't accept the 638 contract, then their officers, their tribal officers have immunity. This is not, this tribal officer, to my knowledge, is not a member of the tribe. These, and counsel can state that, it's not in the record, but I don't believe that they are tribal members. The question is, is tribal immunity going to be granted to non-tribal officers who are going to be acting under 638 contracts with the government that makes them, in effect, federal officers? Where does it say they become federal officers? In 18 U.S.C., Section 111, and in 18 U.S.C., Section 114, 25 U.S.C., Section 2802, 03, and 04, which is cited in our opening brief. And that is the question. Are they going to be granted the same, are they going to be granted immunity? If so, the immunity granted to them is going to be greater than the immunity granted to state and federal officials, because they don't have, state and federal officials do not have immunity to go out and use excessive force, such as this officer is alleged to have used in this case, even though he is alleged to have been a federal officer. If there's no other questions, thank you.
judges: Canby, Wardlaw, Mills